## CLYDE SPEAKS v. STATE.

No. A-5396. Opinion Filed March 2, 1926.
Rehearing Denied March 20, 1926.
(244 Pac. 51.)

Jno. W. Scott, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charged that Earnest Witten and Clyde Speaks did on August 15, 1924, unlawfully transport and convey one half gallon of whisky from a place unknown to a place in Stephens county on the roadway about three-quarters of a mile south of the city of Duncan.   On his separate trial, defendant Clyde Speaks was convicted, the jury leaving the punishment to the court.   Motion for new trial was duly filed and overruled, and the court sentenced him to pay a fine of $100 and to be confined in the county jail for 60 days.   From the judgment he appeals.

The only error assigned is that the evidence is insufficient to sustain the verdict and judgment.

E. S. Jones testified that he had a conversation with the defendants while they were sitting in a car near the City National Bank in Duncan.   He asked them if they could get him some whisky, and that he was willing to pay $6, and they said they knew they could not get it

for less than $7.50, provided if they could get it at all. He told them he would go on down Ninth street. That shortly afterwards as they passed him he called to them and they stopped the car; when he came up to the car, defendant Witten handed him a bottle of whisky, and he gave him the money.

I. B. Gossett, chief of police, testified that he followed the defendants in Speaks' car, and they drove down below the Magnolia station and turned east, and after going about a mile they turned around in the road and stopped near a buggy; then they passed him; that he went on and found a half gallon of whisky in the buggy.

C. N. Coker, deputy sheriff, testified that he had a conversation with Clyde Speaks, wherein he stated that he carried Witten down there in the car to deliver some whisky; that the whisky did not belong to him.

The defendant, Speaks, testified that Witten was sitting in his car when Jones came up and wanted to know where he could get some whisky, and witness said, "I don't know anything about where you could get any," and Witten said probably he could locate some for him; then something was said about the price, and Jones said he would go on down towards home and if Witten got any let him know; that Witten asked him to drive down there, and he drove down to where the road turns east to the Magnolia camp; there Witten got out while witness turned the car around; that a buggy came up behind the car, and Witten walked back to the car carrying a fruit jar in a sack; that he was in the jitney business, and Witten paid him 50 cents for carrying him down there; that as to his conversation with Mr. Coker, he only told him that he carried Witten down there and did not tell that he carried the whisky down there.

It is the province of the jury to try the issue joined by a plea of not guilty, and, if the evidence of the state, uncontradicted, will support a conviction, this court will not ordinarily interfere with the verdict against the defendant.

There was, we think, sufficient evidence to warrant the submission of the case to the jury.

The judgment appealed from is accordingly affirmed.

BESSEY, P. J., and EDWARDS, J., concur.